## EDWARDS *v.* THE STATE.

1. Under the decision in *Papworth* v. *State*, 103 *Ga.* 36, and later cases, the act of September 12, 1881 (Acts 1881–2, p. 608), prohibiting the sale of spirituous, malt, or intoxicating liquors within the limits of Jefferson county, was unconstitutional.

2. While the offense of retailing spirituous liquors without a license can not be properly charged against one who sells such liquors in a county where prohibition exists under a valid statute, such offense can be committed in a county where prohibition does not exist for the reason that a special act attempting to provide for prohibition therein was itself unconstitutional.

3. This court will take judicial notice of the dates fixed by legislative enactment for the beginning of the sessions of the superior courts of the State.

4. Where a special presentment was returned at the November term, 1903, of the superior court of Jefferson county (which began its session on November 12), and charged that an offense was committed on November 8, 1903,

this was sufficient to show that the alleged date of the offense was prior to the return of the presentment.

5. The verdict was supported by the evidence.

Submitted June 20, — Decided August 1, 1905.

Certiorari. Before Judge Holden. Jefferson superior court. May term, 1905.

A special presentment was returned against Fannie Edwards for selling liquor without a license in Jefferson county. The offense was charged to have been committed on November 8, 1903. The presentment was returned at the November term, 1903, of Jefferson superior court. The case was tried in the county court. A demurrer was filed to the presentment, on two grounds: First, because it was based on the general law of the State, as embodied in the Penal Code, § 431, which makes it criminal to retail without a license, and without taking the oath required by law; the objection urged being that there was at the time in force in Jefferson county a local law which made the sale of intoxicating liquors within that county penal, and no license could have been obtained. Second, because it does not affirmatively appear from the presentment that the crime alleged to have been committed was prior to the finding of such presentment. The demurrer was overruled. The evidence was clear that the defendant sold a half pint of whisky to certain persons for fifty cents. She was convicted, and carried the case to the superior court by writ of certiorari. The certiorari was overruled, and the defendant excepted.

*Phillips & Phillips*, for plaintiff in error.

LUMPKIN, J. (After stating the facts.) 1, 2. It is contended, on behalf of the plaintiff in error, that by the act of September 12, 1881 (Acts 1880–1, p. 608), the sale or furnishing of spirituous, malt, or intoxicating liquors within the limits of Jefferson county was prohibited, and therefore there could be no indictment and conviction for selling liquor without a license in that county. Where by a valid subsisting law the sale of liquor is entirely prohibited in a county, the provisions of the general law requiring retailers of liquor to obtain a license, and making it penal to sell without a license, have no application. An indictment and conviction for retailing liquors without a license in such a county can not be had. *Patton* v. *State*, 80 *Ga.* 714; *Batty* v. *State*, 411 *Ga.* 79; *Collins* v. *State*, 114 *Ga.* 70. But

if there is no valid act prohibiting the sale of liquor in the county, then the general law making it penal to retail without a license applies.     The act of 1881, prohibiting the sale of spirituous, malt, or intoxicating liquors in Jefferson county, was unconstitutional, under the ruling in *Papworth* v. *State*, 103 *Ga.* 36, being violative of that clause of the constitution prohibiting special legislation in any case for which provision has been made by an existing general law.     If the question decided in the *Papworth* case were now for determination for the first time, it might involve serious consideration as to whether some of the members of this court, as now constituted, would follow the reasoning of the majority in that case, or that set forth in the dissenting opinion of Mr. Justice Little.     It is due to Mr. Presiding Justice Fish and Mr. Justice Cobb to say that they are still of the opinion that the views of the majority of the court in the *Papworth* case were correct.     That decision, however, has been followed a number of times.     See *O'Brien* v. *State*, 109 *Ga.* 51; *Embry* v. *State*, 109 *Ga.* 61; *Tinsley* v. *State*, 109 *Ga.* 822; *Smith* v. *State*, 112 *Ga.* 291; *Griffin* v. *Eaves*, 114 *Ga.* 65; *Harris* v. *State*, 114 *Ga.* 436; *Hancock* v. *State*, 114 *Ga.* 439.

It is true that in no case has the decision in *Papworth* v. *State* been affirmed by the entire bench of six Justices; and sometimes decisions of a less number of Justices are spoken of lightly, as if they scarcely ranked as decisions at all.     This is a mistake.     Decisions of less than six Justices are nevertheless decisions of the Supreme Court.     Where all six Justices concur in a decision, it can not be overruled or materially modified except upon review, and then only with the concurrence of all the Justices.     Decisions rendered by a less number of Justices do not require formal review, or the concurrence of six Justices, to overrule or modify them.     Still they are decisions of this court, rendered after due deliberation, and should have weight as such.     Civil Code, §5588; Acts 1896, p. 42, sec. 5.     While all courts may sometimes find it necessary to modify or reverse their rulings, it is desirable that their decisions should be as uniform and as stable as practicable.     They become rules of law on which the public rely and act, and confusion may arise from too great readiness to overturn former rulings.     A number of local acts prohibiting the sale of liquors, without excepting

domestic wines, have been held unconstitutional. Prosecutions have taken place and convictions have been had under the general law prohibiting the retailing of liquors without a license. In some of these counties elections have been held under the local option law. Relying upon the decisions of this court as having established a fixed rule, the citizens of various localities have adjusted themselves to the law as thus declared. To overrule this long line of decisions would breed much confusion and trouble. We do not think it our duty to do so. The act of 1881, prohibiting the sale of liquors in Jefferson county, being unconstitutional, the general law of the State applied to that county, and retailing liquors without a license within its limits was a misdemeanor under the Penal Code, § 431.

It is suggested in the brief of counsel for the plaintiff in error, that by the act of August 9, 1881 (Acts 1880–1, p. 420), the sale of spirituous, malt, or intoxicating liquors in any quantity within the limits of the town of Louisville was prohibited, and that the sale involved in this case was within the limits of that town. It does not appear that any such point was raised or decided in the court below. If it were so, the ruling in the *Papworth* case would seem to apply equally to this act. It is further contended in the brief of counsel for the plaintiff in error, that, under the act of February 5, 1866 (Acts 1865–6, p. 282), the right to issue licenses for the sale of liquors in the town of Louisville was vested exclusively in the corporate authorities thereof; that by the act of 1900 (Acts 1900, p. 313) they were forbidden to issue licenses for the sale of liquors; that thus there was no authority in any person to issue such licenses, and hence there can be no conviction for retailing liquors without a license within the municipal limits. Want of authority in the municipal officers to issue a license would not authorize retailing without a license, or prevent such conduct from being criminal. The Penal Code, § 431, declares it to be a misdemeanor to "sell by retail any wine, brandy, rum, gin, or whisky, or other spirituous liquors, or any mixture of such liquors, in any house or other place, without license from the proper authority in said county, or without license from the corporate authorities of any town or city, where by law authority to grant license is vested in such corporate authorities." That the corporate authorities may be without power

to grant a license to retail lawfully will not operate as a license to retail unlawfully.

3, 4. This court will take judicial notice of the fact that the superior court of Jefferson county, by act of the legislature, begins its fall session on the second Monday in November. In the year 1903 that day fell on the 12th day of the month. The special presentment was returned at that term. The point that the presentment fails to show that the date of the alleged offense (November 8, 1903) was prior to the return of the presentment is accordingly without foundation.

5. The evidence amply supported the verdict.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*