JOHN C. OWEN, APPELLANT, V. THOMAS W. SMITH, WAR-
DEN, APPELLEE.

FILED JUNE 13, 1911. No. 17,113.

1. **Parole: Revocation.** Under the provisions of section 570 of the
criminal code, a parole granted by the governor of the state to a
convict in the state penitentiary may be revoked by the governor
at any time, without notice or hearing, for any reason which he
may deem sufficient.

2. **Constitutional Law: Revocation of Parole: Review by the Courts.**
Said section of the code having conferred upon the governor
full power to retake and reimprison any convict so upon parole,
his act of revocation is the exercise of a sole discretion, which
is not reviewable by the courts.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Price & Abbott,* for appellant.

*Grant G. Martin, Attorney General,* and *George W.
Ayres,* contra.

FAWCETT, J.

Appellant, John C. Owen, filed in the district court for
Lancaster county his petition for a writ of habeas corpus.
The petition alleges that on May 1, 1909, appellant, after
having been convicted of assault with intent to commit
great bodily injury, was sentenced to a term of five years
in the state penitentiary; that on May 4, 1909, he was de-
livered to the warden of said penitentiary; that on Septem-
ber 9, 1910, appellant received from Ashton C. Shallen-
berger, the then governor of Nebraska, a parole, a copy
of which is attached to and made a part of appellant's pe-
tition; that on October 11, 1910, the said Ashton C. Shal-
lenberger, who was then still governor, "did unlawfully,
wrongfully and without authority, and without any com-
plaint having been made charging your petitioner with the

violation of any of the parole·agreements, and without giv-
ing this petitioner a hearing, did revoke the said parole
and order your petitioner to be returned to the state peni-
tentiary of the state of Nebraska, from which he had been
paroled as heretofore set out;" that on October 12, 1910,
appellee "T. W. Smith, the warden of the Nebraska state
penitentiary, to whom the executive order of October 11
was directed," caused appellant to be reconfined and im-
prisoned in said penitentiary, where, it is alleged, he "is
now unlawfully, wrongfully and without authority so de-
prived of his liberty." Upon a hearing in the district
court, the application for a writ of habeas corpus was de-
nied, the action dismissed, and appellant remanded to the
custody of the warden of the state penitentiary. From
such judgment this appeal is prosecuted.

The only question to be considered is whether the gov-
ernor after having granted a parole to a convict, may,
without notice and hearing, revoke such parole and order
the convict to be apprehended and reimprisoned for the re-
mainder of his term of imprisonment. Appellant cites
some authorities from other states which at first blush
seem to sustain his contention; but an examination of those
cases discloses the fact that they are based upon statutes
essentially different from ours. As opposed to the cases
cited by appellant, the attorney general has cited au-
thorities based upon statutes similar to ours, which amply
sustain the action of the governor. We do not deem it
necessary to consider any of these cases, for the reason
that we think the judgment of the district court must be
affirmed under the very terms of the parole itself, and of
section 570 of the criminal code, under which the gover-
nor acted. The parole issued by Governor Shallenberger,
after setting out certain conditions to be observed by the
convict while at liberty, concludes thus: "6. He shall,
while on parole, remain in the legal custody and under the
control of the Governor of the State of Nebraska. 7. He
shall be liable to be retaken and again confined within the
inclosure of the state penitiary for any reason or rea-

sons that shall be satisfactory to the governor, and at his sole discretion, until he receives a copy of his final discharge through the warden."

Section 570 of the criminal code provides: "That the governor shall have power in the case of any prisoner, who is now, or hereafter may be imprisoned in the state penitentiary under a sentence other than murder in the first or second degree, who may have served the minimum term provided by law for the crime for which he was convicted (and who has not previously been convicted of felony and served a term in any penal institution within the United States of America), * * * to allow any such prisoner to go upon parole, outside of the inclosure of said penitentiary, to remain while on parole, within the state under the control and in the legal custody of the governor, and subject at any time to be taken back within the inclosure of said institution; and full power to retake and reimprison any convict so upon parole is hereby conferred upon the governor, whose written order shall be a sufficient warrant for all officers named therein, to authorize such officers to return to actual custody any conditionally released or paroled prisoner; and it is hereby made the duty of all officers to execute said order the same as ordinary criminal process."

We think it is clear that under the terms of this section of our code, and under the terms of the parole itself, the governor acted clearly within his lawful powers; that he was not required to give any notice of his intention to revoke the parole of appellant, nor grant appellant any hearing before revoking the same. Any other construction of the law would not be a kindness to the inmates of the penitentiary; for, if the governor is given to understand that every time he grants a parole he thereby restores the convict to full citizenship to such an extent that he cannot revoke such parole except upon notice and a full hearing, he would be very loath to exercise the humane prerogative which the code now confers upon him. We think the provisions of the code were properly construed by the

district court. Appellant was at all times, while on parole, in the legal custody of the governor, and subject at any time, for any reason or reasons that should be satisfactory to the governor, and at his sole discretion, to be reimprisoned. He accepted a parole containing the conditions prescribed by law and must abide by them.

The judgment of the district court is

AFFIRMED.