JOHNSON *v.* WALLS, warden.

No. 11885.  SEPTEMBER 15, 1937.  REHEARING DENIED DECEMBER 8, 1937.

*C. B. McCullar, D. D. Veal,* and *S. T. Wingfield Jr.,* for plaintiff.

*R. C. Whitman,* for defendant.

JENKINS, Justice.  1.  There are two systems of parole or probation of force in the State: first, that under which the trial judge may in the sentence provide for the parole of offenders convicted of or punished as for misdemeanors; and second, that under which the Prison Commission with the approval of the Governor may order probation to all offenders who might be convicted of any offense save those excepted by the statute, after "the minimum sentence fixed by law" has been served, so that the prisoner may be allowed to go outside of the confines of the penitentiary, "but to remain within the legal custody and under the control of said Prison Commission, and subject at any time to be taken into custody on order of said commission" for a "violation of the conditions of his parole, or otherwise."  As to the first system, see Code, §§ 27-2702 to 27-2705, inclusive (Ga. L. 1913, pp. 112, 114).  As to the second, see Code, §§ 77-502 to 77-506, inclusive (Ga. L. 1908, pp. 1115-1117; Ga. L. 1919, p. 106).  Under the first system, the statute expressly provides for a "due examination" by the judge before altering the terms of the original sentence, exempting the person convicted from imprisonment; and there must be notice to him and an opportunity to be heard before imprisonment can be imposed.  *Roberts* v. *Lowry,* 160 *Ga.* 494 (128 S. E. 746); *Smith* v. *Veach,* 165 *Ga.* 190 (140 S. E. 356); *Plunkett* v. *Miller,* 161 *Ga.* 466 (131 S. E. 170); *State* v. *Thompson,* 175 *Ga.* 189 (165 S. E. 34).  Under the latter system, where by the terms of the original sentence the person convicted has been sentenced to prison, the effect of a revocation of the parole, authorized under the statute "for violation of [its] conditions, or otherwise," does not exceed or transcend the effect of the original sentence.  Nor does it have the effect of making a prisoner of a person not then serving as such,

since under the terms of the statute all paroled defendants remain prisoners under the control of the Prison Commission, although allowed to go outside of the confines of the penitentiary. Since this statute, thus operating, does not contain any provision for any prior notice or hearing before the revocation of a parole, such a requirement should not be read into the law. Accordingly, the commission may revoke paroles without such a notice or hearing; but, as in the case of other quasi-judicial or administrative bodies, there would be a restriction on its powers, that it could not act fraudulently, corruptly, or on mere personal caprice. See 46 C. J. 1208-1210, 1220; 29 C. J. 39; Fuller v. State, 122 Ala. 32 (26 So. 146, 45 L. R. A. 502, 82 Am. St. R. 17); Woodward v. Murdock, 124 Ind. 439 (24 N. E. 1047); Kennedy's case, 135 Mass. 48; State v. Hunter, 124 Iowa, 569 (100 N. W. 510, 104 Am. St. R. 361).

2. A defendant whose parole has been revoked by the Prison Commission can not by a petition for habeas corpus attack such revocation, except upon the grounds above stated. So strong is the presumption in favor of the proper discharge by such public officers of their official duties (*Connolly* v. *Atlantic Contracting Co.*, 120 *Ga.* 213 (2), 216, 47 S. E. 575; *Truluck* v. *Peeples*, 1 *Ga.* 3; *Ga. Power Co.* v. *Fincher*, 46 *Ga. App.* 524, 168 S. E. 109; Kozlowsky v. Judge, 238 Mass. 532, 131 N. E. 188), that the petitioner must show by plain and clear proof the existence of one or more of such legal grounds of attack.

3. The released defendant after the grant of a parole still remaining, under the statute, a prisoner "within the legal custody and under the control" of the Prison Commission, and having the opportunity by habeas corpus to test a plain and clear abuse of the powers of the commission upon the grounds and within the rules stated, there is no merit in the attack by this petitioner upon the constitutionality of Code § 77-505, if it be given the interpretation here made, as in violation of the "due process of law" provision of the constitution of Georgia (art. 1, sec. 1, par. 3), and of the fourteenth amendment of the constitution of the United States; or as in violation of any contractual rights created by the order of parole; or as depriving him of the right to defend his case, under article 1, section 1, paragraph 4, of the State constitution; or as exceeding the powers of the Prison Commission, under the separa-

tion of government branches by article 1, section 1, paragraph 23, of the State constitution.

4. Under the rules stated, the court did not err in remanding the prisoner to custody, since the evidence failed to show any improper action by the commission, but on the contrary showed that the original parole was granted under the mistake of fact that the prisoner had served several months instead of actually only two days of his sentence; and it can not be said that the commission violated its ample power in revoking the parole.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*

### ON MOTION FOR REHEARING.

JENKINS, Justice. Upon consideration of the ground of the motion for rehearing, complaining that under the Code, § 24-4008, the original judgment by this court was illegal because it was rendered by only four Justices, the entire court of six Justices rules that such ground is without merit. Code, § 24-4010; *Greene County* v. *Wright*, 127 *Ga.* 150 (56 S. E. 288) ; *Edwards* v. *State*, 123 *Ga.* 542, 544 (51 S. E. 630). The motion for rehearing coming before an entire bench of six Justices, all the Justices having considered the motion, the same is

*Denied. All the Justices concur.*