BUNCH *v.* CLARK, warden.

No. 11947. SEPTEMBER 15, 1937. REHEARING DENIED DECEMBER 8, 1937.

*Arthur W. Powell,* for plaintiff.

*John A. Boykin,* solicitor-general, *J. W. LeCraw,* and *Quincy O. Arnold,* for defendant.

JENKINS, Justice. The admitted averments of this habeas corpus petition and the agreed statement of facts show as follows: On September 16, 1933, the petitioner was convicted of burglary, and was sentenced, under the "indeterminate-sentence" act of 1919 (Ga. L. 1919, p. 387, Code, § 27-2502), to serve a minimum sen-

tence of two years and a maximum sentence of five years. On September 12, 1936, after the minimum sentence had been served, and according to the "rules" formulated by the Prison Commission, the defendant was paroled by the commission. In October, 1936, he was arrested in Texas and held for Georgia authorities upon a charge of larceny from a jewelry merchant in Georgia, for which he was in the same month indicted in Georgia. On December 1, 1936, the commission revoked his parole, without previous notice to him and without a hearing as to whether he had violated the terms of his parole. In January, 1937, he filed the petition for habeas corpus; but a hearing thereon was continued "to give counsel for petitioner an opportunity to ask the commission to set aside its order revoking the parole." In April, 1937, the indictment for the alleged jewelry larceny was nolle prossed. On May 3, 1937, upon application of counsel for the petitioner to the commission for a revocation of its order revoking the parole, and with counsel present, the commission "had a hearing upon whether or not they would release said petitioner; evidence was submitted, and arguments presented at said hearing." It does not appear in the record what "evidence" was submitted at this hearing, or what the rules of the commission were under which it acted in previously granting and revoking the parole. On May 14, 1937, after reserving its decision, the commission passed an order refusing to reinstate the parole. The petitioner then filed an amendment to his habeas-corpus petition, attacking the previous order of revocation as void, on the ground that it was passed without notice or hearing. At the habeas-corpus hearing the petitioner testified that "he had not violated the conditions of his parole." There was no evidence at that hearing that the commission, in the revocation of the parole or the refusal to reinstate it, had violated any official duty other than by its mere failure to give notice and a hearing to the defendant before the original order revoking the parole. The petitioner excepted to an order remanding him to custody.

The law of this case is controlled by *Johnson* v. *Walls,* 185 *Ga.* 177 (194 S. E. 380). While the record discloses that, after the filing of the habeas-corpus petition, a hearing was had before the Prison Commission "upon whether or not they would release" the petitioner, whose parole had been previously revoked, and that "evidence was submitted" at such hearing, it fails to show what such

evidence was, or that any evidence was submitted at the habeas-corpus hearing to show any official misconduct by the commission in revoking or refusing to reinstate the parole. Consequently it can not be said that there was any proof that the commission acted therein fraudulently, corruptly, or upon mere personal caprice. The court did not err in remanding the prisoner to custody.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*