Grubb *et al. vs.* Bullock.

---

T. F. GRUBB *et al.*, trustees, plaintiffs in error, *vs.* R. B. BULLOCK, Governor, defendant in error.

Where the pardon of the Governor was pleaded by the sureties in dis-charge of their bond for the appearance of their principal, and the re-cital of facts in the pardon showed that it was not applied for by the accused, who was out of the State, and the plea failed to show *its deliv-ery to him and acceptance by him,* and the Court sustained a demurrer to the plea:

*Held,* Under the facts, there was not error. Assuming that, under the Constitution of 1868, the Governor may exercise the pardoning power *before* conviction, (see decision of this Court in Dominick *vs.* jailor Spalding county, and 29 Missouri, 300,) yet pardons *before conviction* are based upon the confession of the imputed guilt by the accused, and before such pardon takes effect it must be accepted by the accused, and when the plea of pardon by sureties fails to set up its acceptance by their principal, evidenced by his application for the pardon and deliv-ery to him or his acceptance of it when done, the pardon, granted with-out the application of the principal and not evinced by his acceptance of it, is of no effect. See concurring opinions.

Recognizance. Pardon. Before SAMUEL HALL, Judge *pro hac vice.* Upson Superior Court. May, 1871.

This cause was tried before Samuel Hall, Esq., Judge *pro hac vice,* by consent. Hancock was indicted for having committed an assault, with intent to murder one Spivey *et al.,* in said county, on the 13th of September, 1867. He was arrested, and gave bond for $400 00 for his appearance to answer said charge, with ten sureties. At November Term, 1869, the bond was estreated. *Scire facias* was served upon the sureties, requiring them to show cause why the rule for forfeiture of the recognizance should not be made absolute. Hancock was not served, and the securities admitted that he had fled from the State. They said the rule should not be made absolute, because Spivey had been pardoned by the Governor of this State. And they pleaded a pardon in due form, and duly executed, whereby Governor Bullock pardoned him, and after reciting the pendency of the indictment, recited therein that a petition had been presented by Hancock and said sureties, asking for his pardon, because, since they signed his bond, he had absconded, and they could not arrest him, and to pay his bond would greatly injure them, " who were of limited means, and solely depending upon their daily exertions for a support;" and that one of the prosecutors earnestly joins in the petition, " not for the purpose of shielding him from the hands of justice, but merely for the sake of those who have become sureties on his bond."

Counsel for the State demurred to the plea: 1st. Because pardon could not go before conviction. 2d. Because this was no pardon, but simply an illegal attempt to relieve the sureties. 3d. Because it was not pleaded that said pardon was delivered to, and accepted by Hancock. The demurrer was sustained and judgment was entered against the sureties. This is assigned as error.

DOYAL & NUNNALLY; J. I. HALL, for plaintiff in error.

Grubb *et al. vs.* Bullock.

SMITH & ALEXANDER; L. B. ANDERSON, Solicitor General for the State.

LOCHRANE, Chief Justice.

There can be no question as to the right of sureties to plead the pardon of their principal in answer to and defense of their contract with the State, to produce him to answer an alleged offense. This legal proposition is abundantly sustained by authority. It would work the grossest injustice if it were held otherwise. The accused is under arrest, by the State, for an offense against the criminal law; he is surrendered to his securities, upon their entering into a bond and binding themselves for his appearance at the Court to answer the charge made. If the State pardons the principal and blots out the offense, there is nothing for him to answer; and it would be the grossest injustice to bind the security, when the means of compelling his attendance had been annulled.

But to make the pardon valid as to the securities, it must be valid as to the principal, and the plea by such sureties must show the *delivery of the pardon to him, and its acceptance by him.* The law works no injustice, and when sureties fail to show a pardon valid as to their principal, it cannot be available as to them. We have no hesitation in affirming the views we expressed in the case of *Dominick vs. the jailor of Spalding county,* at this term, sustained as it is by the authority of the Courts of Great Britain and of the United States, without a dissenting voice. True, if called upon by indictment, it must be pleaded. True, it is a plea, but it is *a plea in bar;* a plea that stops the Court and demands a discharge of the party. No Court can disregard it, none set it aside. When pleaded, it blots out the offense, and the offender stands covered with it as a shield against prosecution. *If conviction had to take place before pardon could be granted,* then it would *be a plea in arrest,* but in 7 Peters', United States vs. Wilson, Chief Justice Marshall treats a pardon

Grubb *et al. vs.* Bullock.

as a plea in bar. In bar of what? Why, surely, a prosecution. If a plea in bar of a prosecution, then as surely it may be granted before conviction; because, if not granted before conviction, it would be no plea in bar of a prosecution. These legal truths are self-evident, and to rational minds, learned in law, assert their own force, without necessity of argument to demonstrate them. And equally clear is it, that if a pardon may be pleaded in bar of a prosecution, it is not necessary to have the prosecution to ascertain whether an offense has been committed; else, it is not a *plea in bar*, and all writers on the subject have been ignorant of its character and effect. Our opinion, sustained by the learning of the greatest names that ever adorned the judicial history, names that have risen out of the cloud to shine as fixed stars, and have overflowed history with glory, we feel assured is based on principles of law as eternal as the science itself.

But while a pardon may be granted before as well as after conviction, it must be granted to the principal upon his application, or be evidenced by a ratification of the application by his acceptance of it. For the theory of pardon is preceded by confession of the imputed guilt. When the people of Georgia accepted President Johnson's pardon there was no necessity of a conviction to ascertain the offense committed; it was conceded. The amnesty he poured out over the whole country, by wholesale, the Courts of the United States have recognized. In what fearful peril might all have been plunged by a different rule of construction, subjected to indictment, costs, exposures and imprisonments! Against all these his pardons before conviction were pleas in bar to stop the machinery of a prosecution, but these pardons had to be accepted as evidence or to be used as evidence. And inasmuch as the pleadings here fail to show any application or any acceptance by the principal, we affirm the judgment of the Court below.

Judgment affirmed.

McCay, Judge, from the bench, concurred, upon the ground stated in the head-note, saying he was undecided as to the legality of a pardon before conviction. He wrote no opinion.

Warner, Judge, concurring.

I concur in the judgment of affirmance, in this case, on the ground that the Governor had no legal power or authority, under the Constitution of this State, to grant a pardon before trial and conviction of the defendant for the offense with which he was charged.