## 13350.　FINCHER *et al. v.* DAVIS.

Where the case was heard by the judge without a jury upon an issue raised by a plea of res judicata, in support of which evidence was introduced, but where the bill of exceptions, in which error is assigned on the sustaining of the plea, does not contain the evidence or any of it that was so introduced, and does not specify any evidence as contained in a brief of evidence made a part of the record, it is impossible for this court, on review, to pass upon the sole question presented; and an affirmance of the judgment necessarily results. This is so notwithstanding the certificate to the bill of exceptions uses the words, " contains all the evidence . . material," etc.

DECIDED MAY 9, 1922. REHEARING DENIED JUNE 13, 1922.

Action for damages; from city court of Atlanta — Judge Reid. January 14, 1922.

*Hill & Adams,* for plaintiffs. *Leonard Haas,* for defendant.

BROYLES, C. J. The only assignment of error in the bill of exceptions is upon the judgment sustaining the defendant's plea of res adjudicata. The bill of exceptions recites that the plea was heard and determined by the trial judge, without the intervention of a jury; and the judgment excepted to is as follows: " This cause having come up for hearing on the plea of res adjudicata as amended, and the same having been submitted to the court without the intervention of a jury, and evidence having been submitted in support thereof, and the facts as alleged in said plea as amended appearing to be true, the said plea is hereby sustained and judgment is hereby rendered thereon in favor of the defendant with costs against the plaintiffs." This judgment clearly shows that the court, exercising the functions of both judge and jury, passed upon the issue raised by the plea of res adjudicata, after a hearing thereon, and that material evidence was introduced upon the hearing. This evidence must necessarily have included the entire record of the former action. The bill of exceptions, however, fails to set out such record or any of the evidence which was introduced in the trial court; nor is there any brief of the evidence specified as a part of the record or transmitted to this court. And as a consideration of the evidence submitted to the trial court upon the hearing of the plea is necessary for the determination of the only question in this case, it is impossible for this court to pass upon it, and an affirmance of the judgment of the lower court necessarily results. See in this connection *Covin* v. *Cairo Banking Co., 24 Ga. App.* 510 (2) (101 S. E. 304), and citations.

(*a*) The above ruling is not affected by the fact that in the certificate of the judge to the bill of exceptions it is recited that the bill of exceptions " contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of," since the bill of exceptions shows upon its face that it contains no evidence whatsoever, and the record (the judgment excepted to) shows that evidence (and necessarily material evidence) was introduced upon the trial of the case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*