### FRANCO v. LOWRY, sheriff.

Where one was tried, convicted, and sentenced in the city court of Atlanta for a criminal offense, and upon such conviction applied to the superior court for a writ of certiorari, giving a "certiorari bond," with surety, to "personally appear and abide the final judgment, order, or sentence upon him in said case;" and where on the hearing the certiorari was overruled by the judge of the superior court, and the surety on the bond thereupon surrendered the principal to the sheriff, who placed him in jail; and where such principal filed a petition for habeas corpus against the sheriff, and after a hearing thereon the court denied the writ and remanded the principal to the custody of the sheriff, such judgment was not error, under the pleadings and evidence, upon the ground that the judgment overruling the certiorari was not a "final judgment"

Bail, 6 C. J. p. 994, n. 62; p. 1044, n. 97.
Certiorari, 11 C. J. p. 219, n. 70.
Criminal Law, 17 C. J. p. 34, n. 31 New.

in the case, and that the surety had no authority to surrender the principal to the sheriff.

No. 5740. June 30, 1927.

Habeas corpus. Before Judge E. D. Thomas. Fulton superior court. October 20, 1926.

*Audley M. Lane,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

Hill, J. Eli Franco filed his petition against James I. Lowry as sheriff and jailor of Fulton County, alleging that the sheriff was detaining him at the common jail of said county, and that the cause or 'pretense of the restraint was unknown to plaintiff, and that it was illegal. He prayed that the court issue the writ of habeas corpus, requiring the sheriff to bring petitioner before the superior court for the purpose of examining into the cause of his detention. An order nisi was issued, and the sheriff made answer. Upon the hearing the writ of habeas corpus was denied, and the petitioner was remanded to the custody of the sheriff. To this judgment the plaintiff excepted. The case was tried upon the following agreed statement of facts: Eli Franco was tried and convicted in the criminal court of Atlanta, on March 31, 1926, on the charge of selling intoxicating liquor; he was sentenced to pay a fine of $1000 and to serve twelve months on the public works of Fulton County, the twelve-months service to be suspended upon the payment of the fine, in the discretion of the court. On March 31, 1926, Franco was released on a certiorari bond in the sum of $2000. He remained at liberty under said bond until September 25, 1926, when he was surrendered to the sheriff of Fulton County by his bondsman, A. C. Sowell.

The sole contention of the plaintiff in error is that the certiorari had been overruled on September 24, 1926, and Franco was not surrendered until the following day, September 25, 1926, and that the order of the judge of the superior court overruling the certiorari was not the final order, judgment, or sentence of the court in terms of the law; and therefore that the surety had no right to surrender him to the sheriff, and the trial judge erred in remanding him to the custody of the sheriff. The judgment of the superior court overruling the certiorari was a final judgment subject to review. *Williams* v. *State,* 162 *Ga.* 327, 332 (133 S. E. 843). This contention therefore is without merit, and the court below did not

err in remanding the plaintiff in error to the custody of the sheriff of Fulton County. See, in this connection, *Wiggins* v. *Tyson*, 112 *Ga.* 744 (38 S. E. 86), where it was held: "Where the sureties on a bond given to supersede a sentence to imprisonment in the penitentiary, pending a writ of error, surrender their principal, who is taken into custody by the sheriff, they are thereafter relieved from further liability on such bond, without regard to the reasons which induced the surrender. Even if the person so surrendered should thereafter make it appear that he was surrendered under a mistake of fact and illegally confined in the penitentiary, he should not, on a legal inquiry into the cause of his detention therein, be remanded to the custody of such sureties." And see Penal Code (1910), § 960.    *Judgment affirmed.    All the Justices concur.*