MUCKLE *v.* CLARKE, superintendent.

No. 13422.   November 16, 1940.

*Frank A. Bowers,* for plaintiff.

*John A. Boykin,* solicitor-general, *Bond Almand,* solicitor, and *J. Walter LeCraw,* for defendant.

BELL, Justice. It seems that where a pardon is unconditional and is duly delivered and accepted, it is not subject to revocation. See Code, § 2-2612; *Dominick* v. *Bowdoin,* 44 *Ga.* 357; *Grubb* v. *Bullock,* 44 *Ga.* 379; Ex Parte Bess *v.* Pearman, 152 S. C. 410 (150 S. E. 54, 65 A. L. R. 1459) ; 20 R. C. L. 532, § 13. A pardon, however, is a mere act of grace, to which the pardoning power may attach any condition precedent or subsequent which is not illegal, immoral, or impossible of performance; and when a convict accepts such conditional pardon he is bound by all of its valid provisions. 20 R. C. L. 569, § 58; 46 C. J. 1202, § 57. In the present case there is no contention that the conditions of the pardon were invalid. The questions argued in the brief are: (1) whether *under the terms* of the grant the Governor was authorized to revoke such conditional pardon without notice or hearing; (2) whether the purported order of revocation was effectual for the purpose, in reciting merely that the applicant had "been apprehended again for the same offense," and in failing to show that he had committed any offense; and (3) whether the court erred in admitting evidence that the applicant had been convicted of the offense of gaming, alleged to have been committed on a date which was after the grant of such conditional pardon and before the order of revocation.

On the first question, while it may be true that if a conditional pardon is susceptible of more than one interpretation is should be construed most favorably to the grantee (Crooks *v.* Sanders, 123 S. C. 28, 115 S. E. 760, 28 A. L. R. 940), yet in this case the order granting the pardon expressly stipulated that it was "conditioned [upon grantee's] future good behavior and upon his pay-

ing to the clerk of the criminal court of Fulton County the sum of $100, the same to be revocable at the pleasure of the Governor upon violation of any of the laws of this State, of any of the other States, or of the United States;" and it would seem that this language would admit of no reasonable interpretation other than that the Governor reserved the power to revoke the pardon, without notice or hearing, on violation of its terms. 20 R. C. L. 572, § 60. "A condition in a pardon that the Governor may summarily determine whether the conditions have been complied with, and if he finds that they have not may revoke the pardon and order the reconfinement of the offender, is binding upon the convict, and authorizes his rearrest and commitment upon the terms ·and in the manner imposed." 20 R. C. L. 573; § 61. So, under the express terms of the pardon here in question, the applicant was not entitled to notice or hearing as a condition precedent to revocation.

Under the second question, however, it is contended in effect that even if the Governor did in fact reserve the power to revoke the pardon without notice or hearing, he could do so only in conformity with the terms and conditions of the original order; and that the order of revocation was ineffectual for this purpose, since it appeared therefrom only that the applicant had been "apprehended," and not that he had actually violated any law. In the view which we take of the case we do not deem it necessary to construe the second order as to its efficacy for the purpose indicated. The plain meaning and intent of the original pardon was that it was conditioned upon the future good behavior of the grantee; and even assuming that such good behavior should be determined only by the standard of the criminal law, the pardon would become void on violation of its terms, and this would be true whether or not it was actually revoked by the Governor in accordance with the authority reserved by him. "If the condition imposed is subsequent in nature, the pardon takes effect as soon as it is delivered and accepted, but any subsequent violation of the condition will work a forfeiture of the pardon and will render the grantee liable to rearrest and to recommitment under the original sentence." 20 R. C. L. 569, § 58. See also 46 C. J. 1202, § 61. Under the terms of the original pardon as granted, and in the light of the record in this case, the real question is not whether the second executive order was itself valid as a revocation, but is whether· there was

in fact such a breach of condition as to render the pardon void. This is true for the reason that while the pardon was conditional and reserved to the Governor the power of revocation in stated events, the condition was "future good behavior;" and under a proper interpretation of the entire order the reservation as to action by the Governor was not made an exclusive method of determining an issue as to breach. See 20 R. C. L. 574, § 62. In Henderson *v.* State, 55 Fla. 36 (46 So. 151), it was contended that because a conditional pardon stipulated that the pardon board or the Governor, on being satisfied of a breach, might declare the pardon null and void, it remained in force until it was declared void either by the pardon board or the Governor, which had not been done. The court held that although such stipulations in conditional pardons were valid, and, if accepted by the convict, were binding on him, yet they did not furnish an exclusive method of adjudging a breach of the conditons, and that any court of competent jurisdiction might inquire into an alleged breach thereof, and annul the pardon, if satisfied of such breach, notwithstanding the stipulation therein enabling the pardon board or Governor to do so.

In Ex Parte Davenport, 110 Tex. Crim. 326 (7 S. W. 2d, 589, 60 A. L. R. 1403), it was contended that the Governor had no power or authority to revoke a pardon until after the grantee had been given a hearing upon the issue as to whether the conditions in the pardon had been broken; and attention was called to the fact that there was nothing in the pardon itself which gave the Governor the right to decide that issue. On the assumption that the Governor did not have this right, and thus that his order was ineffectual, considered as one of revocation, the court went on to say: "We would be of the opinion that, there being no statute in this State providing a tribunal or procedure for the trial of such issue, and no reservation to the Governor . . of the right to decide that the conditions of same have been violated, the grantee of the pardon would be entitled to a judicial determination, if he so desired, of the question of his violation of such conditions; but we are also of opinion that this end is fully attained, if, upon or after his arrest by virtue of the revocation, he have his hearing upon a writ of habeas corpus, and at such hearing he be given his right to show that he had not violated such conditions. . . We know of no

orderly proceeding in this State by which the right of a competent court can be invoked to try such issue, save by habeas corpus following the arrest of the accused in consequence of the revocation." And so it is in this State. In that case the trial court found that the conditions of the pardon had been broken, and remanded the prisoner to custody. It was held that the applicant had no cause for complaint. If the question is one of identity, the applicant, it seems, would be entitled to a jury trial; otherwise a person might be required to suffer punishment when he had never had a jury trial. *Dominick* v. *Bowdoin,* 44 *Ga.* 357 (3) ; Fuller *v.* State, 122 Ala. 32 (26 So. 146, 45 L. R. A. 502, 82 Am. St. R. 17) ; State *v.* Horne, 52 Fla. 125 (42 So. 388, 7 L. R. A. (N. S.) 719) ; 46 C. J. 1203, § 63.

Accordingly, if the applicant in the present case actually violated the terms of his conditional pardon, he was subject to rearrest and imprisonment under the original sentence, irrespective of whether the Governor's order of revocation determined the matter of breach, or was itself valid for the purpose for which it was issued; and if the applicant was entitled to a trial in court on the question of breach, the trial before the judge in the habeas-corpus case which is here under review constituted a satisfaction of this right. The applicant alleged that he had committed no offense since the grant of the pardon, but introduced no evidence whatever in support of this averment. We do not have before us any question as to burden of proof, because the respondent showed affirmatively and without dispute that the applicant had in fact violated the law of this State by playing and betting for money at a game played with cards, on February 8, 1940, thus establishing that the pardon had become null and void by breach of condition subsequent.

Thirdly, it follows from what has been said that the court did not err in admitting the evidence offered by the respondent, showing a conviction of the applicant of the offense of gaming, over objection that such evidence was irrelevant and immaterial. The conditions of the pardon were not limited to any particular type of offense, although the offense of gaming and maintaining a lottery may be kindred; nor was this evidence inadmissible because the second order of the Governor referred only to the offense of maintaining a lottery. As stated above, the question in the habeas-corpus trial was whether the conditional pardon had been rendered

void by commission of any offense against the laws of this or any other State or of the United States.

The copy of indictment and of verdict of not guilty attached to the brief of counsel for the plaintiff in error not having been offered in evidence, and being no part of the record or bill of exceptions, can not be considered for any purpose. Under the evidence adduced, it appeared that the restraint of the applicant was not illegal. The court did not err in refusing the writ of habeas corpus. See *Johnson* v. *Walls,* 185 *Ga.* 177 (194 S. E. 380), and *Bunch* v. *Clark,* 185 *Ga.* 179 (194 S. E. 382), where questions somewhat similar in nature, but depending there mainly on statute, were decided by this court, consistently with the foregoing rulings.

*Judgment affirmed. All the Justices concur.*