· PAPPAS *v.* ALDREDGE, sheriff.

DUCKWORTH, Justice.  1. A condition stipulated in a pardon requiring the prisoner to pay a fine of $50, and fixing no time within which it must be done, and containing no requirement that the prisoner serve the sentence imposed until this condition is performed, is a condition precedent, and until it is satisfied the pardon is inoperative.  *Huff* v. *Aldredge*, 192 *Ga.* 12 (14 S. E. 2d, 456).  Where no time for fulfilment of the condition precedent is stipulated in the pardon, the law requires that it be satisfied within a reasonable time.  13 C. J. 684, § 776; 20 R. C. L. 569, § 58.

2. Though a provision in a pardon reserving to the Governor authority to determine if the conditions are performed and to revoke the pardon clothes the Governor with power to act on such matters, yet this power of the Governor does not oust the courts of jurisdiction in the determination of the same questions.  *Muckle* v. *Clarke*, 191 *Ga.* 202 (12 S. E. 2d, 339) ; *Huff* v. *Aldredge*, supra.

3. On the trial of a habeas-corpus case the prisoner is afforded a full hearing on whether or not he has satisfied the conditions of a pardon, and this satisfies the due process guaranteed to him by the constitution. *Muckle* v. *Clarke*, supra.

4. While under the Code, § 20-1105, a proper tender of the fine would be equivalent to its payment, yet when such tender is made after the time which the law allows for paying the fine, it does not have the effect of payment.  *Jarman* v. *Westbrook*, 134 *Ga.* 19 (67 S. E. 403).

5. Under the foregoing rulings, the judgment remanding the prisoner to the custody of the law was authorized by the law and evidence.

*Judgment affirmed.  All the Justices concur.*

No. 13736.  JUNE 16, 1941.  REHEARING DENIED JULY 9, 1941.

483

*Claud F. Brackett* and *Lewis H. Fowler,* for plaintiff.

*John A. Boykin, solicitor-general, Bond Almand, solicitor,* and *Durwood T. Pye,* for defendant.