MOORE *v.* LAWRENCE, superintendent.

No. 13777. JUNE 17, 1941. REHEARING DENIED JULY 10, 1941.

*R. N. Odum, M. W. Eason,* for plaintiff.

*John A. Boykin,* solicitor-general, *Bond Almand,* solicitor, *D. T. Pye, Ellis G. Arnall,* attorney-general, and *E. L. Reagan,* assistant attorney-general, for defendant.

442

BELL, Justice. The applicant, after conviction in June, 1940, upon two misdemeanor charges, was sentenced to twelve-months servitude under each conviction, the sentences to run consecutively. On December 26, 1940, the Governor granted to her a pardon on the condition that she would pay a fine of $200. The applicant alleged tender of the fine to the proper authority, but did not show the date of the tender. It was alleged in the response that the fine was not tendered until February 24, 1941. The bill of exceptions recites that a certified copy of the conditional pardon was introduced in evidence, and shows that still other evidence was heard; but the other evidence was not set forth and does not appear in the record. In the circumstances, it is to be presumed that the evidence sustained the respondent's allegation as to the time of such tender. *Beck & Gregg Hardware Co.* v. *Crum*, 127 *Ga.* 94 (56 S. E. 242) ; *Fincher* v. *Davis*, 28 *Ga. App.* 541 (112 S. E. 656). The judge

was of the opinion that the Governor did not have authority to impose the condition stated, and therefore that the pardon was void. It is insisted by the plaintiff that the Governor did have such authority, and that on tender of the fine the pardon became absolute. It is further insisted that, even if the judge was right in his view that the condition was ultra vires, only the condition would be void, and the pardon itself would stand as valid and unconditional.

We think it is true that the Governor had authority to impose such condition. *Muckle* v. *Clark,* 191 *Ga.* 202 (12 S. E. 2d, 339); *Huff* v. *Aldredge,* 192 *Ga.* 12 (14 S. E. 2d, 456); 20 R. C. L. 552-555, §§ 35-38; 46 C. J. 1201, § 56. But even so, a reversal does not necessarily follow. It is a well-settled rule that a judgment that is right will be affirmed, regardless of the correctness or incorrectness of reasons given therefor. *Coker* v. *Atlanta,* 186 *Ga.* 473 (198 S. E. 74). The pardon was subject to a condition precedent, but fixed no time for performance of such condition. In such case the condition must be performed within a reasonable time after the pardon is delivered. 20 R. C. L. 569, § 58. Even if the condition itself was void for some reason, this would not make the pardon unconditional and absolute, as contended. Where a condition *precedent* is void, the pardon also is void and of no force whatever. 20 R. C. L. 552, § 34; 46 C. J. 1202, § 56.

In this case it appeared, as a matter of law, that the condition was not complied with in a reasonable time. The pardon had thus lapsed by its own terms before the fine was tendered. No recall by the Governor was necessary to nullify it, and the belated tender by the grantee could not revive it. Compare *Simpson* v. *Sanders,* 130 *Ga.* 265, 271 (60 S. E. 541); *Jarman* v. *Westbrook,* 134 *Ga.* 19 (67 S. E. 403); 12 Am. Jur. 548, § 56; 17 C. J. S. 399, § 51. But why do we say that the tender was too late? The question of what is a reasonable time is usually, if not always, to be determined by the character of the act contemplated, considered with its purpose and the attendant facts and circumstances. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (3) (58 S. E. 200). The circumstances here are for the most part legal in nature. The pardoning power is founded upon considerations of public good, and in this case it is presumed to have been exercised for the general welfare. 20 R. C. L. 524, § 5; 46 C. J. 1188, § 22. The time element, therefore, is not to be determined by the same considera-

tions that should be taken into account in the case of a commercial contract. Nor is the situation similar to that in which a person who is serving a misdemeanor sentence has the right under its terms to pay a fine and be discharged within a reasonable time. Code, § 27-2901; *Dunaway* v. *Hodge,* 127 *Ga.* 690 (55 S. E. 483) ; *Abram* v. *Maples,* 10 *Ga. App.* 137 (72 S. E. 932). In such case the convict is in custody, and the sentence is being executed. In this case a conditional pardon was granted; and although it was subject to a condition precedent, the grantee was allowed to take it and secure release from custody. "While the power to attach conditions precedent might authorize the Governor to order the prisoner's release for a time sufficient to enable him to meet the condition, it could hardly be held that the Governor could for such purpose require his indefinite release from the prison where he was serving a legally imposed sentence. This would constitute an unauthorized interference by the executive with the orderly functions of the judiciary." *Huff* v. *Aldredge,* supra. It is the duty of the Governor to see that the laws are executed; and it would not be an enforcement of the law to allow a convict to go at large for any considerable time on the pretext of having a pardon, when in fact and in law it is no pardon at all, and may become such only by performance of some condition precedent. Evidently it was not the intention of the Governor to make of this applicant a sort of trusty for an indefinite period. Compare Re Campion *v.* Gillan, 79 Neb. 364 (112 N. W. 585, 11 L. R. A. (N. S.) 865, 126 Am. St. R. 667).

Even though it should be assumed that in such case the Governor would be authorized to cause release of the prisoner for some appreciable time, and that the pardon here under consideration had this legal effect, still it could not properly be taken as implying an intention to restore liberty generally before compliance with its terms. The most that could be said is that the liberty allowed *meanwhile* was limited to the purpose of compliance, and as thus restricted was intended to last only for such period of time as would be reasonably necessary to report to the proper officer for the purpose of paying the fine, thus meeting the condition precedent and rendering the pardon absolute. In determining what would be a reasonable time for such performance, a number of conditions might re- require consideration, such as distance, weather, means of conveyance, and similar matters without the grantee's control and affect-

ing ability to perform immediately. Financial ability should not be considered, where it was not mentioned as a part of the condition. Presumably the Governor did not take into consideration the applicant's financial condition. Otherwise a convict might be at large indefinitely, or might never comply with the condition necessary to make the pardon effective. The time of performance could have been expressly stated, and in that case the time fixed in the order would have controlled. Also, the case might have been different as related to time if the Governor had required the applicant to remain in custody pending performance of the condition precedent. Whether the pardon in this case did contemplate release from imprisonment before compliance with its condition, the record shows that the applicant herself treated the order as requiring such release; and in this view it should be said as a matter of law that she waited an unreasonable time, approximately two months, before offering such compliance. The pardon having ceased to be effective for any purpose before the fine was tendered, no other judgment could properly have been rendered except the one remanding the prisoner to custody.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

BELL, Justice. It is suggested in the motion for rehearing that the decision affirming the judgment of the trial court was based upon a misunderstanding of the facts, in that this court "seemed to be under the impression that at the time the fine was tendered on February 24, 1941, this plaintiff in error had already entered upon her service in the State prison." It is then stated that as a matter of fact the plaintiff in error, the applicant in the court below, had not begun service of the sentence at the time the conditional pardon was granted on December 26, 1940, or at the time the fine was tendered on February 24, 1941, but was at liberty on bond after conviction, and tendered the fine pending a proceeding to forfeit the bond and before the date of the hearing "on said bond forfeiture." The record does show the facts as thus recited in the motion for rehearing, but it also discloses that the bond was given in connection with an application for certiorari to review the verdict and judgment of conviction in the criminal court of Fulton County, and that on December 30, 1940, just four days after the conditional pardon was granted, the applicant by her attorney ap-

peared in the superior court and dismissed her petition for certiorari. We did not overlook these facts in considering the case, but did fail by inadvertence to mention them either in the statement or in the opinion. We did not consider that the result should be changed thereby, but in the circumstances counsel were justified in inferring that our decision was based upon a misapprehension of the facts.

During the time that the applicant was at liberty on bond, she was not entirely free but was merely transferred from the custody of the law to the legal though friendly custody of her surety, whose dominion was "a continuance of the original imprisonment." *Coleman* v. *State*, 121 *Ga.* 594, 597 (49 S. E. 716). When the petition for certiorari was voluntarily dismissed, the petitioner was no longer entitled to her freedom under the bond, but the time was then at hand for the beginning of her servitude. From that moment, the applicant's right and status in reference to the conditional pardon were as indicated in our decision, although she may not have been actually within the four walls of the prison. While this view would serve to lessen by four days her delay in tendering the fine, if the reasonable time should be computed from December 30, 1940, the date on which the petition for certiorari was dismissed, instead of December 26, 1940, when the conditional pardon was granted, yet, even on this theory, it must be held as a matter of law that the delay was unreasonable and that the pardon had lapsed by its own terms before the fine was tendered. See, in this connection, *Wiggins* v. *Tyson*, 114 *Ga.* 64 (3) (39 S. E. 865); *Franco* v. *Lowry*, 164 *Ga.* 419 (138 S. E. 897); *Roberts* v. *State*, 32 *Ga. App.* 339, 341 (123 S. E. 151).

Other matters referred to in the motion are sufficiently covered by the original decision.

*Rehearing denied. All the Justices concur.*