ALLMAN *v.* ALDREDGE, sheriff, *et al.*

No. 13739.   JUNE 17, 1941.

*A. G. Smith* and *J. C. Bowden,* for plaintiff.

*John A. Boykin,* solicitor-general, *Bond Almand,* solicitor, and *Durwood T. Pye,* for defendants.

ATKINSON, Presiding Justice. The order quoted above was in effect a ruling that the conditional pardon had never become effective for any purpose, by reason of the failure of the convict to satisfy the condition, and that her tender of the $50 on March 1 came too late. In the recent case of *Huff* v. *Aldredge,* 192 *Ga.* 12 (14 S. E. 2d, 456), this court carefully considered the power of the Governor to issue a conditional pardon, its status and legal effect. Without repeating, attention is called to what is said in that decision. Applying the ruling there made to the case at bar, it must be held that the Governor's order of December 5, quoted above, was a pardon on condition, and that the condition was precedent; and inasmuch as it was not satisfied, the order never became operative as a pardon. To quote part of the second headnote in the *Huff* case, supra, "It was a mere offer without consideration." See also, on the subject of conditional pardon, *Muckle* v. *Clarke,* 191 *Ga.* 202 (12 S. E. 2d, 339). In the instant case the judgment quoted above (none of the facts in the case being in dispute) could not have been entered as written unless the judge had concluded that the delay of the applicant in her acceptance of the Governor's

offer from December 5 until March 1, and until after the bench warrant had been issued for her rearrest, was unreasonable, and that on March 1 her right to make the pardon effective by satisfying the condition had ended. This conclusion was not only authorized, but under the facts appearing it was demanded as a matter of law; and this is true regardless of the applicant's testimony concerning her financial condition. *Moore* v. *Lawrence,* 192 *Ga.* 441 (15 S. E. 2d, ). See also *Muckle* v. *Aldredge,* 192 *Ga.* 426 (15 S. E. 2d, ). *Pappas* v. *Aldredge,* 192 *Ga.* (15 S. E. 2d, ).

Counsel for the plaintiff in error cite Code, § 77-513 (Ga. L. Ex. Sess. 1937-1938, p. 200): "It shall be the duty of said [Prison and Parole] Commission to provide adequate supervision of all parolees and probationers in this State, also all persons released on conditional pardon and placed by the Governor under the supervision of the said commission." It is insisted that after the executive order of December 5 the Prison and Parole Commission alone had jurisdiction of this convict, and the trial court had no power to issue the bench warrant of February 27 ordering her rearrest. But there is nothing in the record to indicate that this convict was ever "placed by the Governor under the supervision of the said commission." On the contrary it is clear that all the Governor ever did was to offer her her freedom from the sentence which had been imposed, on a stated condition which she never has satisfied, and which she did not offer to satisfy until an unreasonable time had elapsed and a warrant had issued for her rearrest.

In their brief counsel for the plaintiff request that this court require the clerk of the trial court to send up copies of certain other proceedings of record in the court below, these relating to an application for an appeal bond or supersedeas bond, with an order of the court denying such application; and also in the brief is an "assignment of error" on this order. This request is denied. With none of these matters has this court now anything to do. The sole assignment of error in the bill of exceptions is on the order entered in the habeas-corpus proceeding, remanding the applicant to the custody of the superintendent of public works; and accordingly that is the only exception which this court has jurisdiction to consider.      *Judgment affirmed. All the Justices concur.*