PIPPIN, warden, *v.* JOHNSON.

No. 13748. June 18, 1941.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, Bond Almand, Durwood T. Pye,* and *E. L. Reagan,* for plaintiff in error.

*W. E. Armistead* and *Swift Tyler,* contra.

Reid, Chief Justice.  Lula Mae Johnson was granted a pardon from two convictions of operating and maintaining a lottery, "conditioned upon" her "leaving Fulton County, and conditioned fur-

ther upon her not returning to Fulton County until the time of the sentence imposed is past. . . Same to be revocable by the Governor upon future violation of any of the laws of this State, or any other State, or of the United States." Thereafter she was arrested under a warrant issued out of the court in which she was convicted, which recited her convictions, her pardon upon condition, and a breach of the condition. She filed a petition for habeas corpus, and was discharged. The defendant excepted.

In *Muckle* v. *Clarke,* 191 *Ga.* 202 (12 S. E. 2d, 339), we ruled that the Governor may legally attach a condition to a pardon, and that upon a breach of the condition the pardon becomes void and ineffectual and the defendant subject to arrest and service of his sentence; and that it is not necessary for the Governor nor is it within his exclusive jurisdiction to inquire into and ascertain whether there has been a breach of the condition and to revoke the pardon even though he may have reserved the right to do so, but that this might be done by a court of competent jurisdiction. We further ruled that a defendant conditionally pardoned might be arrested without notice and hearing, with the right in him to test the legality of the arrest and detention based on a breach of the condition, by application for the writ of habeas corpus. We now reaffirm and follow those principles. See *Huff* v. *Aldredge,* 192 *Ga.* 12 (14 S. E. 2d, 456); *Pappas* v. *Aldredge,* 192 *Ga.* ( S. E. 2d, ).

The defendant admitted, both in her pleadings and in her testimony at the hearing, that she returned to Fulton County, and was arrested therein during the prohibited period. She represented, however, that it became necessary for her to return for the purpose of obtaining medical attention in order to save her life; that her return was solely for this purpose; and that she intended to remain in the county only until she could obtain treatment and was able to travel. She testified in this connection, in substance, that after receiving her pardon she moved to the home of her brother in North Carolina; that she suffered from a heart and kidney trouble, and while there she became very ill; that she knew she would die if she did not get medical attention, but that her brother lived fifteen miles from the nearest doctor, and she did not have the money to pay a doctor to come out there and give her proper treatment or to go to him and remain for treatment; and that she could obtain

medical treatment on credit only in Fulton County. It is contended that these circumstances excused a compliance with the condition that she should not return to Fulton County during the period of her sentences. This is untenable. The Governor stated no exceptions to the requirement of the condition exacted; that is to say, he stated no excuses for its non-performance, and it well may be doubted that this court might imply any of whatsoever kind or character. In grants of estates on condition, it is generally ruled that if compliance with the condition is rendered impossible by an act of God or certain other circumstances beyond the control of the grantee, the estate is not defeated by non-performance. 19 Am. Jur. 545, 546; *Winn* v. *Tabernacle Infirmary*, 135 *Ga.* 380 (69 S. E. 557, 32 L. R. A. (N. S.) 512). Even if this principle might be held applicable to pardons, it would avail the defendant nothing. The case made by her discloses in its final analysis that she was unable to conform to the condition simply because she did not have the money to pay for medical treatment, and could not obtain it on credit except in Fulton County. We do not think that her impecuniosity, contributing as it did to her voluntary breach of the condition, whatever may have been its cause, falls within the meaning of the principle stated. On the contrary it seems clear that the burden of procuring necessary funds to enable her to obtain transportation and maintain herself both in sickness and health for the required time out of the county was but a necessary part of the burden cast upon her of complying with the condition. She might with the same reason and plausibility have asserted that she was financially unable to maintain herself elsewhere, and that it was necessary for her to return to Fulton County where she might obtain food and lodging on credit, or where she might obtain employment, or where she could be cared for by relatives and friends. We are confident that the condition should not be nullified in this manner. Her counsel speaks of her "temporary return" to Fulton County. The fact is that there is no indication in the pleadings or the evidence that her return was temporary. It does not appear how long it would take for her to obtain the necessary medical treatment, or how long before she would be able to travel. It may well be that the alleged necessity for her return might continue indefinitely and during the entire period of her sentences. This would be but to make a mockery of

the condition. As we view it, she finds herself in somewhat the same situation as that of a donee of property on condition that he would live thereon for a number of years, who because of his health is bound to move to another part of the country, and therefore becomes unable to comply with the condition; or of a donee of property on condition that he will support the grantor, and he is stricken ill and rendered unable to do so. It would hardly be contended that in either of these cases the donee would be excused from a compliance with the condition. We need only to remember that a pardon, however well deserved it may be, is but a matter of grace on the part of the Governor; and it argues nothing in favor of the prisoner that the condition attached to a pardon may, because of circumstances, become onerous, and compliance therewith more intolerable than confinement. The applicant is at liberty to forego compliance with the condition and resume service of her sentence. Hence, while we might view it as unfortunate that the circumstances put her to the choice of foregoing needed medical attention in order to retain her pardon and her liberty, yet to have been afforded even this choice was but a gratuity. If her story be thoroughly credible, we can not blame her for the choice made, but neither can we relieve her from its consequences in respect to the continued efficacy of her pardon. In view of what has been said, the judgment discharging the prisoner was erroneous.

*Judgment reversed. All the Justices concur.*