DERRICOTT *v.* ALDREDGE, sheriff.

JENKINS, Justice. The petitioner for habeas corpus excepts to the denial of the writ on the following facts: After a twelve-months sentence for a misdemeanor, the Governor, on January 14, 1941, granted him a conditional pardon, conditioned "upon payment of $50 fine." The fine not having been paid, the judge of the convicting court, on February 27, 1941, issued an order or warrant, reciting that the pardon never became effective, because of the failure to comply with its condition in a reasonable time, and directing the arrest of the defendant. After arrest he tendered the $50 fine to the sheriff on March 27, 1941, and continued to tender that amount. The exceptions are: that the court erred in holding the pardon void and ineffective; that the petitioner was and is deprived of liberty without due process of law, in violation of art. 1, sec. 1, par. 3, of the State constitution (Code, § 2-103); that the warrant for his arrest was illegal, and he had no opportunity to appear in any court to contest as to the validity of the pardon. *Held,* that this case is controlled, on all questions, by recent decisions of this court in *Moore* v. *Lawrence,* 192 *Ga.* 441 (15 S. E. 2d, 519); *Pappas* v. *Aldredge,* 192 *Ga.* 482 (15 S. E. 2d, 718); *Huff* v. *Aldredge,* 192 *Ga.* 12 (14 S. E. 2d, 456); *Allman* v. *Aldredge,* 192 *Ga.* 431 (15 S. E. 2d, 710); *Pippin* v. *Johnson,* 192 *Ga.* 450 (15 S. E. 2d, 712); *Muckle* v. *Clark,* 191 *Ga.* 202 (12 S. E. 2d, 339). In the first stated case, the time between the grant of the conditional pardon and the tender of the fine was about a

week less than the time which elapsed in the present case. The validity of the order of arrest is immaterial, since the imprisonment was under the original judgment of conviction because the conditional pardon never became effective. *Judgment affirmed. All the Justices concur.*

No. 13825. SEPTEMBER 10, 1941. REHEARING DENIED SEPTEMBER 26, 1941.

*C. G. Battle,* for plaintiff.

*John A. Boykin,* solicitor-general, *Bond Almand,* solicitor, and *Durwood T. Pye,* for defendant.