HARRELL *v.* MOUNT, sheriff and jailer.

No. 14125.    APRIL 16, 1942.

*Swift Tyler* and *W. E. Armistead,* for plaintiff.

*John A. Boykin,* solicitor-general, *Bond Almand,* solicitor, and *D. T. Pye,* for defendant.

GRICE, Justice. ■ The pardon was conditional. It was granted on August 10, 1940, and it is recited therein that "the said Ralph Harrell be and he is hereby granted a conditional pardon conditioned on his paying a fine of $150, and conditioned further on his obeying all laws of this State, of the United States, and of any other State; and this his conditional pardon shall be revocable at the pleasure of the Governor. And the said Ralph Harrell be and he is hereby released from service in the penal institutions of this State, and the sentences imposed on him under accusations No. 165996 and No. 158992 be and they are hereby suspended. And it is so ordered." The fine therein referred to was paid, and the pardon accepted.

What was actually ruled in *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175), was that there was no law of force in this State which confers upon a judge any power or authority to suspend the execution of a sentence imposed in a criminal case, except as an incident to a review of the judgment.

The opinion in that case recognizes that a clear distinction exists between the suspension of a sentence and the suspension of the execution of a sentence. It presents the argument that if the execution of a sentence, which has been imposed in accordance with the law, can be suspended either in whole or in part, as the judge may see fit, during the pleasure of the court, then the court could in this way practically exercise powers which the constitution confers exclusively upon the Governor. Whether or not the suspension of the execution of a sentence was exclusively a function of the Executive was not the question before the court in *Neal* v. *State,* supra. By the act approved March 24, 1933 (Ga. L. 1933, p. 266; Code, § 27-2706), the trial judge is expressly given the right to suspend the execution of the sentence. In 20 R. C. L. 523, § 4, it is stated: "The power to suspend sentence and the power to grant reprieves and pardons are totally distinct and different in their origin and nature. The former was always a part of the judicial power. The latter was always a part of the executive power. The suspension of the sentence simply postpones the judgment of the court temporarily or indefinitely, but the conviction and liability following it, and all civil disabilities, remain and become operative when judgment is rendered. But an indefinite suspension of sentence on conditions is undoubtedly, in practical effect, a conditional pardon." Properly construed, the executive order here involved must be held to be what it declares itself to be, a "conditional-pardon order," and that the words of the Governor, to wit, "that the said Ralph Harrell be and he is hereby granted a conditional pardon conditioned on his," etc., mean nothing more, although also reciting that the sentences imposed on him "be and they are hereby suspended."

■ Granting that this was a conditional pardon, should the condition nevertheless be construed as meaning merely that the grantee should not violate any law during the period for which the sentences were to run?

In 39 Am. Jur. § 71, the prevailing rule is stated as follows: "A pardon may, as one of its restrictions and limitations, designate the time for the observance of its conditions, but if it does not, it is generally held that the time of performance of conditions subsequent is limited only by the life of the convict." Again (§ 74), the following is stated: "A sentence of imprisonment for

a criminal act is satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority; if, from any cause, the time elapses without the imprisonment being endured, the sentence will still be a valid, subsisting, unexecuted one. In accordance with these principles, it is well settled that where a prisoner is conditionally pardoned, upon breach of the condition the time he was at liberty under the pardon is not to be considered as time served on the original sentence, and he may be compelled to serve out the term which remained unserved at the time the pardon was granted and accepted. By breach or nonperformance of the conditions the pardon becomes void, and the status of the prisoner is the same as it was before the pardon was granted; or, as is sometimes said, the position of the prisoner on a violation of the conditions of his pardon is similar to that of an escaped convict. He 'can not complain of the interruption of the execution of the sentence during the time he enjoyed his liberty, for it was secured by him by his acceptance of the conditional pardon. "A condition in a pardon that the convict shall be required to serve out the unserved portion of the term of his original sentence if he violates the terms of the pardon does not terminate with the expiration of the original term of sentence. Accordingly, the rule is laid down by many courts. that a convict who has violated the conditions of a pardon may be compelled to serve out the unexpired term of his original sentence, even though the breach occurred after the date upon which his sentence as fixed by the court which sentenced him would have expired."

This rule, however, has not met with the approval of all the courts, some of them holding that the time a convict is at liberty under conditional pardon is to be taken as a part of the term of sentence, and that on his subsequent arrest for breach of the condition he is entitled to be discharged at the expiration of the term of his sentence. For the adjudications presenting the two views, and the reasoning in support of each, compare the following and the notes thereto: State v. Horne, 52 Fla. 125, 714 (42 So. 388, 7 L. R. A. (N. S.) 719); State v. Barnes, 32 S. C. 14 (10 S. E. 611, 6 L. R. A. 743, 17 Am. St. R. 832); Fuller v. State, 122 Ala. 32 (26 So. 146, 45 L. R. A. 502, 82 Am. St. R. 17); Ex Parte Horine, 11 Okla. Cr. 517 (148 Pac. 825, L. R. A. 1915F, 548); Ex parte Houghton, 49 Or. 232 (89 Pac. 801, 9 L. R. A. (N. S.)

737, 13 Ann. Cas. 1101); Ex parte Wells, 18 How. (U. S.) 307 (15 L. ed. 421); Ex parte Hawkins, 61 Ark. 321 (33 S. W. 106, 30 L. R. A. 736, 54 Am. St. R. 209); Alvarez v. State, 50 Fla. 24 (39 So. 481, 111 Am. St. R. 102, 7 Ann. Cas. 88); Arthur v. Craig, 48 Iowa, 264 (30 Am. R. 395); State ex rel. O'Connor v. Wolfer, 53 Minn. 135 (54 N. W. 1065, 19 L. R. A. 783, 39 Am. St. R. 582); Ex parte Ridley, 3 Okla. Cr. 350 (106 Pac. 549, 26 L. R. A. (N. S.) 110); Crooks v. Sanders, 123 S. C. 28 (115 S. E. 760, 28 A. L. R. 743, 940); Re Convicts, 73 Vt. 414 (51 Atl. 10, 56 L. R. A. 658); Wilborn v. Saunders, 170 Va. 153 (195 S. E. 723); Ex parte Carroll, 86 Tex. Cr. 301 (217 S. W. 382, 8 A. L. R. 901); Ex parte Kelly, 155 Cal. 39 (99 Pac. 368, 20 L. R. A. (N. S.) 337).

If what has been referred to above as the "well-settled" rule on this subject were not accepted, but on the contrary it were to be held that the only effect of the condition in the pardon was that Harrell should not violate any law during the time for which his sentence was to run, this would be to construe the Governor's act as changing the judgment of the court into something in the nature of a probation sentence; and the language of the order will not permit us to treat it as such, as was in effect ruled in the first division of this opinion. It is urged upon us that it would be unreasonable to construe the executive order as something held in terrorem over the applicant's head for the remainder of his life. If a conditional pardon releasing a convict from a term in prison, containing in substance a provision that it shall be valid only so long as the recipient thereof does not again enter on a criminal career, would have a tendency to restrain any evil plans that might come into his mind, and to that extent act in terrorem, this of itself would not be an unreasonable result to be hoped for. Therefore, construing it as having just that effect, this would not render the order unreasonable or unconscionable. It may be that the Chief Executive in granting the pardon, conditioned as it was on future good behavior, had in mind that it would so operate on him in the years to follow. That its purpose may have failed does not argue that it would be unreasonable to believe that the grantor of the pardon intended that it should operate in terrorem, if indeed the realization that the applicant must in the future obey the law on pain of forfeiting the pardon be a terrifying thought.

The order refers to the fact that the pardon was sought. It was granted on condition, and accepted. If petitioner had been of the opinion that an implied promise on his part to do forever thereafter what every person should do voluntarily, to wit, obey the law, was exacting too big a price to pay for the pardon, he could have declined it; but this he did not do. This court, along with numerous others, has ruled that a pardon may be granted with a condition appended thereto. *Muckle* v. *Clarke,* 191 *Ga.* 202 (12 S. E. 2d, 339); *Pippin* v. *Johnson,* 192 *Ga.* 450 (15 S. E. 2d, 712). There is no reason why that condition should not be that the convict would thereafter be a law-abiding resident, not merely for such length of time as his sentence would have ordinarily run, but indefinitely. Such is the effect to be given to the language used in the case before us. If, fairly interpreted, the executive order granting the pardon contains that condition, then such act of grace on the part of the Governor can not avail the convict after it has been determined in an appropriate manner that the condition has been violated.

It was not erroneous to refuse to grant the prisoner's release, but on the contrary to remand him to the custody.

*Judgment affirmed. All the Justices concur.*