## 30476. BROWN v. PEACOCK.

NICHOLS, Chief Justice.

The appellant filed a petition for writ of habeas corpus in the Wayne Superior Court alleging that his constitutional rights were violated by the admission of a guilty plea without the benefit of counsel for the offense of trespass entered in 1965 upon his trial for burglary in Gilmer Superior Court in 1969. It is also alleged that the revocation of his parole in 1973 was unconstitutional because no revocation hearing was held in accordance with Ga. L. 1965, pp. 478, 480 (Code Ann. § 77-519).

1. The trial court found that the defendant knowingly and voluntarily waived counsel when he entered his guilty plea to the charge of trespass. The defendant testified that he was charged with burglary and trespass, that counsel was appointed to represent him on the hearing in which he pled guilty to the burglary charge and entered a not guilty plea to the trespass charge. Later the same day the defendant entered a plea of guilty upon being promised a one-year sentence to run concurrently with the one-year sentence previously given in the burglary charge. He was sentenced to one year on such trespass offense as promised. The defendant accepted the offer without notifying or conferring with counsel. The habeas corpus court was authorized to find that inasmuch as the defendant was represented by counsel and chose to enter his plea without notice or conference with counsel, who was prepared to represent him on the trial of the trespass charge, he knowingly and voluntarily waived the right to counsel on the guilty plea hearing.

2. The second error complained of relates to the revocation of his parole without a hearing as provided in

Code Ann. § 77-519, supra, and the use of convictions from the Marietta City Court in such revocation proceeding, in which he was convicted of the offenses of drunk, disorderly conduct and resisting arrest at a time when he was not represented by counsel. The defendant testified that he did in fact appear before the State Board of Pardons and Paroles and that he was asked questions about his arrest in Marietta.

The trial court was authorized to find that the defendant had in fact had a revocation hearing before the State Board of Pardons and Paroles and that a determination was made by the board that he had violated the terms of his parole. See *Muckle v. Clarke*, 191 Ga. 202, 204 (12 SE2d 339). The trial court did not err in remanding the prisoner to custody.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED NOVEMBER 7, 1975 — DECIDED JANUARY 7, 1976.

*James C. Bonner, Jr., Thomas M. West,* for appellant.

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.